```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANGHAI WEIYI INTERNATIONAL
TRADE CO. LTD.,

    Plaintiff,

-against-

FOCUS 2000 CORP., et al.

    Defendants.

15-CV-3533 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 15, 2016, the Court held a conference to address the discovery disputes raised in the parties' August 10, 2016 joint letter. (Dkt. No. 122.) In accordance with the Court's oral directions during the conference, it is hereby **ORDERED** as follows:

    1.    <u>Continued Deposition of Sunny Lam</u>. Defendant Sunny Lam shall reappear for deposition, with questioning limited to 30 minutes, concerning (a) Mr. Lam's understanding of the February 17, 2014 email marked as plaintiff's deposition Exhibit 19, and related follow-up, and (b) the declaration provided by Mr. Lam pursuant to paragraph 2 below. The deposition shall take place no later than **August 29, 2016**. Counsel shall advise chambers of the date and time of the deposition and, if a dispute arises during the deposition, shall immediately telephone chambers at (212) 805-0228 with the translator and court reporter on the line.

    2.    <u>Invoices Underlying Defendants' Calculation</u>. On or before the date of Mr. Lam's continued deposition, he shall provide plaintiff with a sworn declaration identifying the invoices that serve as the basis for the $2,203,753.46 total transaction figure reflected in the September 30, 2014 email from Mr. Lam to Jason Li marked as plaintiff's deposition Exhibit 12. If Mr. Lam is unable to identify the invoices that are the basis of that figure, he shall instead provide plaintiff with a sworn declaration explaining why he cannot do so. If the declaration is not in English it

must be accompanied by a certified translation.

3. <u>Defendants' Motion for Sanctions</u>. Defendants may move for sanctions with respect to plaintiff's failure to comply with this Court's June 29, 2016 order (Dkt. No. 110) no later than **September 6, 2016**, setting forth the factual and legal bases for the specific relief sought. Briefing shall proceed according to Local Civil Rule 6.1(a). The parties are reminded that all facts asserted in their motion papers must be established through declarations, properly authenticated deposition testimony or other discovery material, or other admissible evidence.

4. <u>Plaintiff's Damages</u>. Plaintiff having failed to provide a computation of its alleged financing charges or other consequential damages in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), plaintiff may not seek damages above or beyond the amount reflected in its July 28, 2016 supplemental damages computation letter plus interest at the applicable statutory rate if otherwise warranted.

5. <u>Yang Zhou Deposition</u>. Counsel for defendant Eaglemen Corp. (Eaglemen) has informed the Court that Yang Zhou, Eaglemen's principal, remains in or near Beijing, People's Republic of China (PRC), where he has been released from a local hospital but is still receiving outpatient treatment for an eye injury. During the August 15, 2016 conference, the Court directed the parties to arrange for Mr. Yang's deposition to take place on or before August 29, 2016, in the PRC, via Skype or other videoconferencing technology. This solution was proposed by counsel for Eaglemen so that Mr. Yang would not have to travel to the United States while recuperating. However, it has come to the Court's attention that participating in such a deposition could subject the witness to penalties under Chinese law unless permission is first obtained from the PRC's Central Authority under the Hague Evidence Convention. *See generally* U.S. Dep't of State, Bureau of Consular Affairs, Legal Considerations/China, available at:

2

https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html. Given the cumbersome nature of the required process before the deposition can be taken in the PRC, the Court modifies its oral ruling as follows:

    a. Eaglemen must make Mr. Yang available for deposition on or before **September 16, 2016**, either in the Southern District of New York or (at Eaglemen's option) in another location, closer to the PRC, where voluntary depositions can proceed without advance government permission. *See, e.g.*, U.S. Dept. of State, Bureau of Consular Affairs, Legal Considerations/Hong Kong SAR China, available at: https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/hong-kong-sar-china.html. The Court notes, in this regard, that it is possible to travel from Beijing to Hong Kong by train, thus avoiding air travel.

    b. If the deposition is taken outside of this District, it may be taken by Skype or any comparable videoconferencing technology that allows reasonably clear audio and video communication with the witness.

    c. If the deposition is taken outside of this District, Eaglemen shall arrange and bear the cost of a suitable location for Mr. Yang's appearance. Eaglemen shall also make and bear the cost of all travel and other logistical arrangements necessary to ensure that Mr. Yang appears promptly at that location and is supplied with any necessary technical equipment for the deposition (*e.g.*, assuming the parties use Skype, a laptop with a high-speed internet connection, a camera, a microphone, and a Skype account). In addition, Eaglemen shall arrange for and bear the cost of engaging a person authorized

by Fed. R. Civ. P. 28(b)(1)(C) to administer the oath to the witness, unless the parties stipulate that the oath may be administered via Skype (or other videoconferencing technology) from this District.

d. Plaintiff shall make and bear the cost of all other arrangements for the deposition, including the court reporter, a translator, and any necessary technical equipment for the use of plaintiff's counsel in this District.

e. Any request to modify, extend, or reconsider the provisions of this Order governing the deposition of Mr. Yang based in whole or in part on medical considerations must be supported by admissible evidence in the form of a declaration or other sworn statement by Mr. Yang's treating physician, accompanied (if not in English) by a certified translation.

Dated: New York, New York
August 16, 2016

SO ORDERED.

_____
BARBARA MOSES
**United States Magistrate Judge**