Case 1:15-cv-03533-CM-BCM   Document 127   Filed 09/14/16   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANGHAI WEIYI INTERNATIONAL
TRADE CO. LTD.,

        Plaintiff,

-against-

FOCUS 2000 CORP., et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/16

15-CV-3533 (CM) (BCM)

**MEMO ENDORSED**

REPORT AND RECOMMENDATION
TO THE HON. COLLEEN MCMAHON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/16

**BARBARA MOSES, United States Magistrate Judge.**

    Before me for report and recommendation are two motions challenging the Second Amended Complaint (Dkt. No. 79). The first motion, filed by defendant Eaglemen Corp. (Eaglemen) on November 16, 2015 (Dkt. No. 81), seeks an order dismissing the Second Amended Complaint in its entirety as a "clear and contumacious violation" of the Memorandum Decision and Order issued by the Hon. Colleen McMahon on October 16, 2015 (Dkt. No. 68), which dismissed portions of the First Amended Complaint with prejudice but permitted plaintiff to replead the Fifth Cause of Action, for fraud, with particularity. *See Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2015 WL 6125526, at *1 (S.D.N.Y. Oct. 16, 2015) (the October 16 Order). In the alternative, Eaglemen seeks dismissal of the repleaded Fifth Cause of Action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). The second motion, filed by defendants Focus 2000 Corp. (Focus 2000), W.R. 9000 Corp. (W.R. 9000), and Sunny Lam (collectively, the Lam Defendants) on November 23, 2015 (Dkt. No. 86), seeks an order striking the Second Amended Complaint in its entirety as an unauthorized amended pleading filed in violation of the October 16 Order. For the reasons set forth below, I respectfully recommend that the motions be GRANTED IN PART and DENIED IN PART.

9/30/2016

The court adopts the Report and Recommendation as its opinion. The motions at Dkt 81 and 86 are granted in part and denied in part. The Clerk shall remove them from the court's list of open motions. CM

## BACKGROUND

### I. The Complaint and the First Amended Complaint

Plaintiff Shanghai Weiyi International Trade Co., Ltd. (Shanghai Weiyi) is a state-owned garment factory in Shanghai, China. *See* First Am. Compl. (Dkt. No. 29), ¶ 10. Plaintiff filed its original Complaint (Dkt. No. 1) on May 6, 2015, against Eaglemen, the Lam Defendants, and their factor, Capital Business Credit, LLC (Capital). Plaintiff alleged that Eaglemen and the Lam Defendants, assisted by Capital, used dishonest means to order $1.65 million worth of textiles from Shanghai Weiyi, and then failed to pay for the goods. On June 23, 2015, Capital filed a motion to dismiss (Dkt. No. 21). A week later, on June 30, 2015, plaintiff filed its First Amended Complaint, which asserted six claims against the defendants other than Capital (for goods sold and delivered, unjust enrichment, promissory estoppel, equitable estoppel, fraud, and conversion); a claim for "piercing the corporate veil" against Lam individually; and three additional claims against Capital (for aiding and abetting fraud, "turnover," and conversion).

Thereafter, the Lam Defendants answered the First Amended Complaint and asserted counterclaims (Dkt. No. 36), but Capital and Eaglemen filed motions to dismiss pursuant to Rule 12(b)(6). (Dkt. Nos. 37, 54.) Capital moved to dismiss all claims asserted against it, while Eaglemen moved to dismiss the claims asserted against it in the Second, Fifth, and Seventh Causes of Action (for unjust enrichment, fraud, and conversion).

The October 16 Order concisely summarizes the factual allegations underlying plaintiff's claims. Plaintiff sold garments in 2014 to "what it believed was a reputable company known as Waitex International. Instead, the sale was made to the allegedly disreputable Defendant Sunny Lam and/or one or more companies he controlled." *Shanghai Weiyi*, 2015 WL 6125526, at *1. Before ordering the goods from plaintiff, Lam had tried to purchase the women's apparel

division of Waitex International. *Id.* Lam failed to complete the purchase, but nonetheless used the name "Waitex Group" (a fictional entity), and created a phony "seal" incorporating that name, in connection with the orders placed with plaintiff. *Id.* Plaintiff delivered the goods in several shipments, which were signed for by Lam on behalf of "Waitex Group," Eaglemen, and Focus 2000. *Id.* Plaintiff was never paid for the goods sold and delivered, but was unable to reclaim them. *Id.*

## II. The October 16 Order

In the October 16 Order, Chief Judge McMahon dismissed Capital from the case entirely. *Shanghai Weiyi*, 2015 WL 6125526, at *3–6. In addition, she dismissed the Second and Seventh Causes of Action against Eaglemen (for unjust enrichment and conversion) with prejudice, *id.* at *6, *8, and dismissed the Fifth Cause of Action (for fraud) without prejudice, noting that "when there are multiple defendants the actions taken by or on behalf of each of them individually must be pleaded in order to state a claim." *Id.* at *7–8 (citing *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 147 (S.D.N.Y. 2014), and *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000)). Plaintiff was given 20 days to replead its fraud claim against Eaglemen, if it could, "with particularity." *Id.* at *8.

## III. The Second Amended Complaint

On November 5, 2015 plaintiff filed its Second Amended Complaint, which differs from the First Amended Complaint in three ways. First, the new pleading contains no mention of Capital and no claims against Capital. Second, plaintiff has repleaded its fraud claim, supported by new factual allegations concerning Eaglemen's role in the alleged fraud. These new allegations, which include details about Eaglemen's alleged connection to Lam and to Lam's ex-wife, as well as misrepresentations allegedly made directly by Eaglemen, appear at various

3

points throughout the "Facts" section of the Second Amended Complaint, as well as in the Fifth Cause of Action itself. *See* Second Am. Compl. ¶¶ 25–26, 42, 56–61, 65, 97–101. Plaintiff also attaches two new exhibits, one containing emails that allegedly demonstrate that Eaglemen was a "front" for Lam, *see id.* Ex. E (Dkt. No. 79-8), and the other containing four invoices, one of them bearing Eaglemen's name. *See id.* Ex. F (Dkt. No. 79-9). Third, plaintiff has made various typographical, formatting, and phrasing changes to its pleading, some of which are not directly related either to the elimination of the claims against Capital or the expanded fraud claim against Eaglemen. *See id.* ¶¶ 9–11, 24–25, 27–28, 32–34, 36, 38–42, 50, 69, 104, 107.

Notwithstanding the alterations made to other portions of the pleading, the Second and Seventh Causes of Action (for unjust enrichment and conversion) were refiled unchanged – and were reasserted against "all defendants" – even though the October 16 Order dismissed both of them with prejudice as against Eaglemen. *See* Second Am. Compl. ¶¶ 76–81, 116–19.

## IV. The Motions to Dismiss

On November 16, 2015, Eaglemen moved to dismiss the Second Amended Complaint, arguing that plaintiff "went beyond repleading of the fraud claim" as authorized by the October 16 order, and "misused the leave given by the Court . . . to make several important changes and additions to the facts of other claims and generally to 'clean up' the language used." Eaglemen Mem. of Law, filed Nov. 16, 2015 (Dkt. No. 84), ¶¶ 4, 9. In Eaglemen's view, this was a "clear and contumacious violation" of the October 16 Order, which requires dismissal of the Second Amended Complaint in its entirety. *Id.* ¶ 1. In the alternative, Eaglemen seeks an order dismissing the repleaded Fifth Cause of Action, for fraud, arguing that even with the new factual allegations, plaintiff failed to state a fraud claim against Eaglemen with sufficient particularity. Eaglemen also requests the dismissal of the Second and Seventh Causes of Action, for unjust

4

enrichment and conversion, pointing out that these claims "were dismissed with prejudice and cannot be reinstated" as to Eaglemen. *Id.* ¶ 22.

On November 23, 2015, the Lam Defendants filed their motion to strike the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(f). They too complain that plaintiff not only repleaded its fraud claim against Eaglemen as authorized, but "change[d] the language in various of the paragraphs throughout the Complaint to bolster its existing claims against Focus [2000], W.R. 9000 and Lam, and to 'clean up' the language" of the complaint, without leave from the Court. Lam Defs. Mem. of Law, filed Nov. 23, 2015 (Dkt. No. 89), at 5–6. The Lam Defendants argue that because plaintiff did so without requesting leave pursuant to Fed. R. Civ. P. 15(a)(2), the entire Second Amended Complaint should be stricken.

On July 14, 2016, Chief Judge McMahon referred both motions for report and recommendation. (Dkt. No. 113.) Discovery closed on July 28, 2016, *see* Orders dated June 29, 2016 (Dkt. No. 110) and July 20, 2016 (Dkt. No. 116), with limited exceptions for the depositions of defendant Lam and Eaglemen's principal Yang Zhou, which I allowed the parties to take no later than August 29 and September 16, 2016, respectively. *See* Order dated August 16, 2016 (Dkt. No. 123), at 1, 3.

V. **The Voluntary Dismissals**

On June 28, 2016, during a discovery conference held before me, the parties stipulated on the record to dismiss the Fifth and Sixth Causes of Action in the Second Amended Complaint (for fraud and "piercing the corporate veil") with prejudice as to all defendants. *See* Order dated June 29, 2016 at 1. Plaintiff thereafter filed a letter (Dkt. No. 111) so informing Chief Judge McMahon. Plaintiff also requested that the Second and Seventh Causes of Action (for conversion and unjust enrichment) be deemed "corrected," so as to be asserted against "all Defendants

5

except Eaglemen Corp." *Id.* However, the parties did not file any stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A), as required to voluntarily dismiss a claim without a court order after the defendant has served an answer. I therefore recommend that the Fifth Cause of Action, for fraud, and the Sixth Cause of Action, for "piercing the corporate veil," be DISMISSED WITH PREJUDICE, and that the Second Cause of Action, for conversion, and the Seventh Cause of Action, for unjust enrichment, be DISMISSED WITH PREJUDICE as against Eaglemen.

Plaintiff's voluntary dismissals moot the second branch of Eaglemen's motion. The unresolved question is whether the remainder of the Second Amended Complaint – as to which no party has raised a merits challenge – should be dismissed or stricken because it contains additions and modifications beyond those authorized by the October 16 Order. For the reasons set forth below, I respectfully recommend that no additional relief be granted.

## DISCUSSION

### I. Legal Standards

Fed. R. Civ. P. 15(a)(1) permits a plaintiff to amend its complaint once as a matter of course, within 21 days after serving the complaint, or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier. In all other cases, a plaintiff must obtain the opposing parties' written consent or the court's leave before amending its complaint. Fed. R. Civ. P. 15(a)(2). Amendments are generally favored "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957), and the decision to grant leave to amend is "within the sound discretion of the trial court." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). However, if the court gives permission to make only specific amendments to a pleading, changes

6

outside of the scope of that permission violate Rule 15(a), and "are therefore invalid." *Higgins v. Monsanto Co.*, 862 F. Supp. 751, 754 (N.D.N.Y. 1994).

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." An allegation is "impertinent" or "immaterial" when "it is neither responsive nor relevant to the issues involved in the action." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.37[3] (3d ed. 2010)); *accord Forbis v. City of Portland*, 2003 WL 21250675, at *6 (D. Me. May 29, 2003) (striking two out of 20 paragraphs of material facts because the facts in those two paragraphs had "nothing to do with" and "could have no apparent effect on the outcome of" the action), *report and recommendation adopted in part*, 270 F. Supp. 2d 57 (D. Me. 2003). Motions to strike are "disfavored," but are within the discretion of the Court. *Slue v. N.Y. Univ. Med. Ctr.*, 409 F. Supp. 2d 349, 374 (S.D.N.Y. 2006) (quoting *Zinaman v. USTS N.Y. Inc.*, 798 F. Supp. 128, 135 (S.D.N.Y. 1992)).

II.  **Analysis**

Eaglemen and the Lam Defendants argue that the new allegations in the Second Amended Complaint, as well as the edits to various existing allegations, go beyond the limited leave to amend granted in the October 16 Order. In addition, Eaglemen challenges the deletion of the allegations concerning Capital, asserting it should be entitled to "ask and obtain discovery" concerning those allegations, which would be difficult to do if they do not appear in the operative pleading. *See* Eaglemen Mem. of Law ¶ 8. I disagree.

Once the Court dismissed plaintiff's claims against Capital with prejudice, it was entirely appropriate for plaintiff to delete those claims from the Second Amended Complaint, as well as

7

any factual allegations relating solely to the dismissed claims. *See Carter v. City of Syracuse Sch. Dist.*, 2013 WL 1122453, at *3 n.3 (N.D.N.Y. Mar. 18, 2013) (finding that it was "implicit" in the court's previous order, which directed plaintiff to file an amended complaint repleading certain claims, that the amended pleading should omit any claims that had been dismissed with prejudice). Indeed, Eaglemen argues – correctly – that the Second and Seventh Causes of Action against it should have been deleted from the Second Amended Complaint for the same reason. *See* Eaglemen Mem. of Law ¶¶ 22–23. Eaglemen does not explain why it thinks a different rule should apply to the dismissed claims previously asserted against Capital. Nor does it cite any authority for the proposition that it was entitled to discovery concerning those claims. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "relevant to [a] party's claim or defense").

Defendants do not contest plaintiff's right to add new factual allegations regarding Eaglemen – including the two new exhibits – in an effort to remedy the deficiencies in the fraud claim. *See* Eaglemen Reply Mem. of Law, filed Dec. 4, 2015 (Dkt. No. 96), at 3 ("Defendant does not complain that the fraud claim against it was repled – leave was given for that."). The parties have since stipulated to dismiss that fraud claim as to all defendants, not just Eaglemen. However, since the additions regarding Eaglemen were appropriate at the time plaintiff added them, they provide no basis for the Court to dismiss or strike any other portion of the Second Amended Complaint.

Defendants' only remaining complaint is that plaintiff "abused" the leave it was given to tidy up other portions of its pleading. *See* Eaglemen Reply Mem. of Law at 3. The Lam Defendants, as noted above, claim that many of the changes were made to "bolster" plaintiff's existing claims against them, and to "clean up" its language, rather than to address the deficiencies in the fraud claim. Lam Defs. Mem. of Law at 5. Similarly, Eaglemen complains

8

that "leave was not given . . . for a general linguistic triage of plaintiff's pleading." Eaglemen Reply Mem. of Law at 3.

Most of the changes complained of, however, are at least plausibly related to the fraud claim against Eaglemen, which was based, at least in part, on the theory that Eaglemen was an alter ego of defendant Lam. *Compare, e.g.*, First Am. Comp. ¶ 11 ("None of the goods delivered by Plaintiff were paid for by Sunny Lam or his companies.") *with* Second Am. Compl. ¶ 10 ("None of the goods delivered by Plaintiff were paid for by Sunny Lam or his companies, namely WR9000, Focus 2000 and Eaglemen."). Other changes are more difficult to characterize as related to the fraud claim (or necessitated by the deletion of Capital as a defendant), but are nonetheless trivial. *Compare, e.g.*, First Am. Compl. ¶ 10 ("Sunny Lam engaged in this elaborate fraud upon Plaintiff to raise funds in connection with the EFF Ladies Apparel Division purchase to pay for the transaction") *with* Second Am. Compl. ¶ 9 ("Sunny Lam engaged in this elaborate fraud perpetrated upon Plaintiff in order to raise sufficient funds to pay for his purchase of the EFF Ladies Apparel Division"). Although Eaglemen characterizes these changes as "important," Eaglemen Mem. of Law ¶ 6, neither defendant identifies any prejudice that it will suffer as a result of "clean-up" edits of this nature – or any benefit that it will enjoy if the Court reinstates the First Amended Complaint. Nor, for that matter, do defendants cite any case in which an entire amended pleading has been dismissed or stricken on facts similar to these.

In *Higgins*, the original plaintiff sued Monsanto for breach of express warranty, breach of implied warranty, and strict liability, alleging that he contracted cancer as a result of exposure to Monsanto's pesticides. 862 F. Supp. at 754. After his death, the court granted leave to substitute his widow as the party plaintiff and to add a cause of action for wrongful death. Instead, the widow filed a 32-count Amended Supplemental Complaint, including – among other things –

Case 1:15-cv-03533-CM-BCM   Document 127   Filed 09/14/16   Page 10 of 11

claims for loss of consortium on her own behalf. *Id.* Ruling on Monsanto's motion for summary judgment, the court held that the unauthorized additions were "violative of Fed. R. Civ. P. 15(a) and are therefore invalid." *Id.* Even in the face of such dramatic overreaching, however, the court did not strike the entire amended pleading. It simply "disregarded" the excess counts and issued a summary judgment ruling as to the claims that were properly before it. *Id.*

In this case, unlike *Higgins*, plaintiff has not added any unauthorized claims. Nor has it altered the substance of any existing claim. To the extent that some of the complained-of editorial changes were not strictly necessary to strengthen the fraud claim or delete the claims against Capital, defendants fail to identify any practical consequences that would require judicial relief. Motions to strike are "disfavored," *Slue*, 409 F. Supp. 2d at 374, and even where such a motion is granted, "the complaint should be pruned with care." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976). In this case, it is impossible to "prune" the Second Amended Complaint, since the arguably unauthorized modifications are thoroughly intermixed with entirely unobjectionable material.[1] I therefore respectfully recommend that the Court decline to strike or dismiss the Second Amended Complaint except as to the claims, discussed above, that the parties have stipulated or the plaintiff has volunteered to withdraw.

---

[1] The strongest case for judicial relief is presented by an entirely new sentence inserted into the Third Cause of Action (for promissory estoppel), which reads, "Plaintiff was induced to rely on Defendants' promise to pay for ordered goods and was induced to deliver the requested goods to Defendants." Second Am. Compl. ¶ 85. Even here, however, neither defendant identifies any prejudice resulting from the new language. They do not suggest that the Third Cause of Action was deficient prior to its amendment (and therefore that the new language was necessary to save it), nor that it is deficient now. Moreover, ¶ 85 is indistinguishable in substance from ¶ 86, which is a holdover from the First Amended Complaint (where it was ¶ 114) and which reads, "Plaintiff reasonably relied on Defendants' promise to pay for ordered goods and was induced to deliver the requested goods to Defendants." At worst, therefore, the addition of ¶ 85 might require defendants to type the word "denied" (or possibly "admitted") one more time when answering the Second Amended Complaint.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that that the Fifth Cause of Action, for fraud, and the Sixth Cause of Action, for "piercing the corporate veil," be DISMISSED WITH PREJUDICE; that the Second Cause of Action, for conversion, and the Seventh Cause of Action, for unjust enrichment, be DISMISSED WITH PREJUDICE as against Eaglemen; and that the remaining relief sought in Eaglemen's motion to dismiss and the Lam Defendants' motion to strike be DENIED.

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Colleen McMahon at 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Chief Judge McMahon. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: New York, New York
September 14, 2016

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge